**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07 CV 5568 |
| ) | |
| MICHAEL FADEYI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After a bench trial held in October 2001, this Court convicted Michael Fadeyi on charges of conspiracy to possess heroin with the intent to distribute, attempting to possess heroin with the intent to distribute, and distribution of heroin. *United States v. Fadeyi*, No. 00 CR 153. The Court sentenced Fadeyi to a term of 151 months of imprisonment and also entered an order of forfeiture in the amount of $780,000. Fadeyi then appealed his conviction and sentence. In March 2004, the Seventh Circuit affirmed the judgment of conviction, vacated the forfeiture order, and remanded the case for further proceedings regarding the issue of forfeiture. *United States v. Fadeyi*, No. 02-2596 (7th Cir. Mar. 18, 2004).

After the remand, Fadeyi filed a motion in this Court seeking a full re-sentencing to correct what he argued was an illegal sentence. Fadeyi based this motion on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), and the Seventh Circuit's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004),

both of which were issued following the remand. On October 12, 2004, this Court denied Fadeyi's motion for a full re-sentencing on the ground that the Seventh Circuit's remand was limited to the forfeiture issue. The Court reduced the amount of the forfeiture to $121,000.

Fadeyi again appealed. The Seventh Circuit ordered a limited remand to determine whether this Court would have imposed the same sentence had it understood the Sentencing Guidelines to be advisory rather than mandatory. This Court entered an order stating that it would not have imposed the same sentence had the Guidelines not been mandatory at the time of Fadeyi's sentencing. As a result, the Seventh Circuit vacated the judgment and remanded the case for a full resentencing.

In December 2005, the Court resentenced Fadeyi to a term of 132 months of imprisonment, nineteen months below the original sentence. Fadeyi again appealed, and this time the Seventh Circuit affirmed. *United States v. Fadeyi*, 196 Fed. Appx. 429, 430 (7th Cir. 2006).

Fadeyi has now filed a motion under 28 U.S.C. § 2255 in which he asks the Court to vacate the judgment against him. Fadeyi contends that his attorneys at the trial and appellate levels provided ineffective assistance. He also claims the Court violated his Fifth and Sixth Amendment rights at resentencing by using the preponderance of the evidence standard to determine the quantity of drugs for which Fadeyi was accountable. For the following reasons, the Court denies Fadeyi's motion.

## Discussion

1. **Ineffective assistance of counsel claims**

    a. **Jury waiver**

    Fadeyi claims that he received ineffective assistance of counsel at trial because his attorney failed to inform him of the consequences of waiving his right to a jury trial. Fadeyi contends that the Court never obtained a written waiver of his right to a jury and also contends that his attorney failed to ensure that he knowingly and voluntarily waived his right to a jury.

    Contrary to Fadeyi's contention, he did in fact sign a written waiver of his right to a jury trial on October 9, 2001 before the trial began. In open court and on the record, the Court asked Fadeyi to confirm that his signature appeared on the waiver form and also asked him if he had read the document before signing it. Fadeyi answered both questions in the affirmative. Tr. Oct. 9, 2001 at 20-21. The Court had earlier questioned Fadeyi in detail to ensure that he understood his right to a jury trial and the consequences of waiving that right, and that he was waiving a jury knowingly and voluntarily. *Id.* at 14-16.

    When a defendant challenges the validity of his waiver of a jury in a collateral attack like the one Fadeyi has filed, the defendant bears the burden of showing that his waiver was *prima facie* invalid. *Williams v. DeRobertis*, 715 F.2d 1174, 1178 (7th Cir. 1983). Before accepting a jury trial waiver, a court must discuss with the defendant 1) the composition of a jury, 2) the requirement of jury unanimity, 3) the defendant's right to participate in jury selection, and 4) the fact that the court alone will decide the issue

of guilt if the defendant waives a jury. *United States v. Delgado*, 635 F.2d 889, 890 (7th Cir. 1983). The record reflects that the Court thoroughly questioned Fadeyi before it accepted his jury waiver. The Court specifically informed Fadeyi of each of the factors listed above and determined that he understood each of them. Tr. Oct. 9, 2001 at 14-16. Fadeyi has offered nothing, and nothing appears in the record, to suggest that his waiver was anything but knowing and voluntary. Irrespective of whether his counsel advised him regarding the consequences of his jury waiver, the Court unquestionably did so, and as a result Fadeyi was not prejudiced by any failure in this regard on trial counsel's part.

   b. **Severance-related motions**

Prior to trial, and before Fadeyi had waived a jury, his trial counsel filed a motion under Federal Rule of Criminal Procedure 8(a), arguing that the indictment improperly misjoined Count 3 with the remaining charges. Counsel also moved to sever Count 3 for trial pursuant to Federal Rule of Criminal Procedure 14. The Court denied both motions but stated that ". . . if at trial the government fails to support with admissible evidence its contention regarding the linkage between the two matters – namely the claim that Fadeyi acted in order to conceal his involvement in the conspiracy – the Court may have to reconsider its ruling on this motion . . . ." *United States v. Fadeyi*, No. 00 CR 153, 2000 WL 33155618, at *5 (N.D. Ill. Dec. 21, 2000).

Fadeyi argues that his trial counsel acted deficiently in failing to follow through on the Court's comments and reassert the joinder and severance issues at trial. The Court disagrees. To succeed on a claim of ineffective assistance, Fadeyi must show not only that his attorney acted deficiently but also that he was prejudiced. Prejudice, in this

4

context, requires Fadeyi to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 658, 694 (1984).

Fadeyi has provided the Court no basis to find that the outcome would have differed had the charges been severed for trial. In addressing this particular issue, it is significant that Fadeyi ultimately was tried in a bench trial rather than before a jury. In a bench trial, "the court is deemed to have considered only admissible and relevant material, at least absent a showing of substantive prejudice." *United States v. Penick*, 496 F.2d 1105, 1108 (7th Cir. 1974).

As the Seventh Circuit has noted, "much that comes to the attention of a judge in a bench trial would be inadmissible in a jury trial." *United States ex rel. Placek v. Illinois*, 546 F.2d 1298, 1305 (7th Cir. 1976). "A trained, experienced Federal District Court judge, as distinguished from a jury, must be presumed to have exercised the proper discretion in distinguishing between the improper and the proper evidence introduced at trial, and to have based his decision only on the latter." *United States v. Menk*, 406 F.2d 124, 127 (7th Cir. 1968). A judge hearing a bench trial is assumed to be capable of performing his "essential function," that is, to act impartially while considering only the evidence properly admitted. *Id*. at 126; *see also, United States ex rel. Placek*, 546 F.2d at 1307 n.9 (7th Cir. 1976) (stating that "in a bench trial, unlike a jury trial, the trial judge can admit a confession into evidence subject to later exclusion after hearing the defendant's testimony without having to declare a mistrial.").

With these standards in mind, Fadeyi has failed to show that he was prejudiced by counsel's failure to seek reconsideration of the denial of his severance-related motions (or, for that matter, to raise the issue on appeal). The Court gave separation consideration to each charge and did not consider any evidence relating only to particular charges to affect its consideration of the others. There is no reasonable probability that a severance would have altered the outcome as to any of the charges.

  c. **Use of preponderance of evidence standard regarding drug quantity**

Fadeyi contends he received ineffective assistance of counsel when his second attorney abandoned the arguments she had made on appeal concerning this Court's use of the preponderance of the evidence standard in finding drug quantity for sentencing purposes. On appeal, Fadeyi's counsel challenged this Court's use of that standard but was unsuccessful. *Fadeyi*, 196 Fed. Appx. at 430. Fadeyi argues that by failing to raise this issue at resentencing following the remand, he received ineffective assistance of counsel.

This argument is without merit. On appeal, Fadeyi argued that even though the *Booker* decision made the Sentencing Guidelines advisory rather than mandatory, the trial court still must use a reasonable-doubt standard when resolving any contested factual issues relating to sentencing. The Seventh Circuit rejected this argument, stating that the defendant's argument was inconsistent with the intellectual foundations of *Booker* and concluding that the burden of persuasion on sentencing issues concerning the advisory Guidelines is the preponderance standard. *Fadeyi*, 196 Fed. Appx. at 430. Because the Seventh Circuit had already rejected Fadeyi's argument,

counsel acted reasonably in abandoning the argument at resentencing following remand. The argument quite clearly would have been a loser at that point, as this Court would have been bound by the Seventh Circuit's decision had Fadeyi asserted the issue.

### d. Rule of lenity

Fadeyi contends that his attorney failed to argue that the "rule of lenity" dictated that he receive the most lenient punishment available because the statute under which the Court sentenced him set out a range of possible punishments and is ambiguous. The statutes under which Fadeyi was convicted, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, provide for differing sentences based on the type and quantity of the narcotic in question.

The rule of lenity instructs that "ambiguity in the meaning of a statutory provision should be resolved in favor of the defendant." *United States v. Turcotte*, 405 F.3d 515, 535 (7th Cir. 2005). This principle only applies, however, when there is a "grievous ambiguity or uncertainty in the language and structure of [a statute]." *Id*.

It is undisputed that Fadeyi was convicted of charges involving heroin. As the government points out, the sentencing provisions of the statutes at issue make clear that a person convicted of an offense involving one kilogram or more of a substance containing a detectable amount of heroin is subject to a term of imprisonment of not less than ten years and not more than life. There is no ambiguity in this statute as it related to Fadeyi. Because the rule of lenity could not possibly have come into play, it was not unreasonable for Fadeyi's counsel to refrain from arguing the point.

### e. Denial of Rule 35(a) "motion to correct clear error"

After the Seventh Circuit initially remanded Fadeyi's case for redetermination of the issue of forfeiture, Fadeyi asked the Court for a full resentencing. The Court denied Fadeyi's motion on the ground that a full resentencing was beyond the scope of the remand. Fadeyi argues that his attorney rendered ineffective assistance on appeal by failing to argue that this Court erred in denying his "motion to correct clear error" relating to the denial of a full resentencing.

Though Fadeyi did not get a full resentencing on the first remand, he did subsequently receive a full resentencing after the second remand. As noted earlier, when the case went up on appeal after the Court had recalculated the forfeiture, the Seventh Circuit first ordered a limited remand to determine whether this Court would have imposed the same sentence under the now-advisory guidelines and then remanded the case for a full resentencing after this Court answered the Seventh Circuit's question in the affirmative. In December 2005, after a full resentencing hearing, the Court resentenced Fadeyi to a 132 month prison term.

As the government correctly argues, any challenge to the Court's denial of the earlier motion for a full resentencing was rendered moot by the full resentencing that was later held. Fadeyi ultimately got exactly what he was looking for, albeit some time later via a different procedural route. Given these circumstances, Fadeyi was in no way prejudiced by counsel's decision not to raise this point in the second appeal.

### f. Forfeiture

Fadeyi also contends that he received ineffective assistance of counsel because his attorney failed to challenge the revised forfeiture on the third appeal. This argument is lacking in merit. In Fadeyi's second appeal, after the Court reduced the forfeiture amount to $121,000, Fadeyi's counsel argued that the forfeiture amount was improperly calculated. The Seventh Circuit disagreed and affirmed the forfeiture order. Under these circumstances, there was no basis for defense counsel to raise the same issue again, before the same court, on the third appeal.

### 2. Challenge to standard used to determine drug quantity

Fadeyi's challenge to the Court's use of the preponderance of the evidence standard to determine the quantity of narcotics attributed to him for sentencing purposes is precluded by the Seventh Circuit's rejection of that very argument in deciding Fadeyi's third appeal – a matter discussed by the Court earlier in this decision.

### Conclusion

For the reasons stated above, the Court denies defendant's motion under 28 U.S.C. § 2255 and directs the Clerk to enter judgment denying the motion.

```
_____
    MATTHEW F. KENNELLY
    United States District Judge
```

Date: August 19, 2008